UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS LEWIS JONES,

        Petitioner,        Case No. 2:14-cv-102

v.        Honorable Gordon J. Quist

DUNCAN MACLAREN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of jurisdiction.

### Factual Allegations

Petitioner Curtis Lewis Jones presently is incarcerated at the Kinross Correctional Facility. In his *pro se* application for habeas corpus relief, Petitioner is challenging six juvenile adjudications that occurred between November 7, 1983 and January 6, 1988, because they

negatively impacted his 2014 parole decision on the grounds that he did not have the benefit of trial counsel and/or he was not notified of his right to appeal and his right to appellate counsel, in violation of his Sixth Amendment rights.

In the following four juvenile cases in the Kent County Probate Court - Juvenile Division (Juvenile Court), Petitioner asserts that he never received the benefit of trial and appellate counsel nor was he notified of his right to appeal:

1. On November 15, 1983, Petitioner pleaded guilty in Juvenile Court to malicious destruction of personal property, MICH. COMP. LAWS § 750.377a, and breaking and entering, MICH. COMP. LAWS § 750.110. The court ordered that Petitioner be placed as a temporary ward of the Juvenile Court and receive probation.

2. On October 11, 1984, Petitioner pleaded guilty to two counts of larceny, MICH. COMP. LAWS § 750.356, and breaking and entering, MICH. COMP. LAWS § 750.110. The Juvenile Court ordered that Petitioner be made a temporary ward of the Juvenile Court, be placed in a foster home and Petitioner received probation.

3. On May 6, 1985, Petitioner pleaded guilty to receiving or concealing stolen property, MICH. COMP. LAWS § 750.535, and larceny, MICH. COMP. LAWS § 750.356. The court ordered Petitioner be placed in foster care and Petitioner received probation.

4. On January 28, 1988, Petitioner pleaded guilty to unlawfully driving away a motor vehicle (UDAA), MICH. COMP. LAWS § 750.413, and Placement Failure/Escape, MICH. COMP. LAWS § 750.186a(2)(b). The Juvenile Court ordered Petitioner to be admitted to the Maxey Boy's Training School until his Eighteenth Birthday.

(*See* Pet., docket #1, Page ID#16.)

In the following two juvenile cases, Petitioner states that he was never informed of his right to appeal nor of his right to appellate counsel:

1. On September 1, 1987, and adjourned to September 11, 1987, Petitioner pleaded guilty in Juvenile Court to two counts of receiving or concealing stolen property, MICH. COMP. LAWS § 750.535. The court ordered Petitioner to be a temporary ward to be housed in detention at the Kent County Youth Camp.

>    2.   On December 8, 1987, Petitioner pleaded guilty in Juvenile Court to four counts of UDAA, MICH. COMP. LAWS § 750.413, one count of attempted UDAA, MICH. COMP. LAWS § 750.413, and one count of receiving and concealing stolen property over $100, MICH. COMP. LAWS § 750.535. The court ordered that Petitioner be placed in the custody of the Glen Mills Schools in Pennsylvania.

(*See* Pet., docket #1, Page ID##16-17.)

In 1991, Petitioner was convicted of six offenses in four separate criminal proceedings in Kent County Circuit Court: second-degree murder, MICH. COMP. LAWS § 750.317; two counts of felony-firearm, MICH. COMP. LAWS § 750.227b; attempted delivery/manufacture of a controlled substance, MICH. COMP. LAWS § 333.7401(2)(a)(iv); assault with a dangerous weapon, MICH. COMP. LAWS § 750.82; and breaking and entering a building, MICH. COMP. LAWS § 750.110. According to his Michigan Department of Corrections (MDOC) record, the sentences for the latter two convictions, and for one of the felony-firearm convictions, have expired. Petitioner's longest active sentence is his paroleable life sentence for the second-degree murder conviction. In 2004, Petitioner was also convicted of possessing contraband in prison, MICH. COMP. LAWS § 800.2814. The trial court sentenced Petitioner to one year and one day to five years. Petitioner's 2004 conviction is still listed as active on the MDOC website.[1]

Petitioner filed the instant action in May 2014. He contends that his juvenile convictions are invalid because (a) he pleaded guilty to four of his juvenile convictions without the assistance of trial counsel and (b) he was never informed of his right to appellate counsel or his right to appeal in all six of his juvenile convictions. He further contends that these invalid convictions extend the term of his present confinement because they are being used by the parole board to deny him parole. On February 5, 2014, the Michigan Department of Corrections Parole Board Notice of

---

[1] The Court obtained Petitioner's convictions from his profile on the Michigan Department of Corrections Offender Tracking Information System, at: http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=221006 (accessed on Mar. 24, 2015).

Decision provided that Petitioner was denied parole. His next parole interview is scheduled for June 16, 2019. (*See* Ex. E to Pet., docket #1-1, Page ID#83.)

## Discussion

Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." *Id.* The "in custody" requirement is a jurisdictional one; if a petitioner is not "in custody" at the time that the petition is filed, the Court lacks jurisdiction to consider it. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

At the same time, however, the Supreme Court has held that an attack on a prior, expired conviction "can be read" as asserting a challenge to the sentence for which the petitioner is in custody, "as enhanced by the allegedly invalid prior conviction." *Id.* at 493. However, in *Maleng* the Court declined to express the extent to which a petitioner could question the legality of a prior, expired sentence in that fashion. *See id.* at 494.

In *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001), the Supreme Court squarely decided the question left open in *Maleng*. The Court held that "once a [prior] state conviction is no longer open to direct or collateral attack in its own right . . . the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* However, there is an exception to the foregoing rule "for petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint

-4-

counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Lackawanna*, 532 U.S. at 404. In the latter circumstance, habeas relief with regard to the enhanced sentence may be appropriate. *Id.*

In the present case, the sentences arising from Petitioner's juvenile convictions have expired. Nevertheless, Petitioner apparently contends that his juvenile convictions are open to attack because they enhance his current sentence insofar as they are used by the parole board as a basis for denying him parole. In *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818 (E.D. Mich. 2004), a court faced with a similar type of parole denial claim held that it had subject matter jurisdiction under the *Lackawanna* exception. *Id.* at 828. The court determined that the State deprived the petitioner of his Sixth Amendment right to counsel in connection with his expired convictions because the trial court did not advise him of his right to appeal and his right to appellate counsel. *Id. but see, Jones v. Hoffner*, No. 1:12-cv-1376, 2013 WL 812064, at *4 (W.D. Mich. Mar. 5, 2013) (finding the *Lackawanna* exception was not available to a petitioner in the context of his parole denial).

Notwithstanding the decision in *Ward*, it is not at all clear that the *Lackawanna* exception, which allows a petitioner to attack his judgment of sentence, applies to parole determinations. A denial of parole does not alter Petitioner's underlying sentence; it merely requires him to continue serving it. While Petitioner's life sentence allows for the possibility of parole, it does not require it. Moreover, under Michigan's parole scheme, Petitioner has no reasonable expectation of parole. In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a 2011 decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does

not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003).

In any event, assuming that the *Lackawanna* exception applies in the parole denial context, it does not apply to all of the juvenile convictions identified by Petitioner. The *Lackawanna* exception applies to cases where a petitioner did not receive or properly waive the benefit of trial counsel.[2] The Supreme Court has not specifically extended it to cases where a petitioner did not receive the benefit of appellate counsel. In fact, unlike *Ward,* 323 F. Supp. 2d at 828, several cases have found that the Sixth Amendment right to counsel as recognized in *Gideon* is a trial right that has no applicability in the appellate context.

> A defendant's right to counsel on appeal derives not from the Sixth Amendment, but from the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *See [Martinez] v. Court of Appeal of Cal.*, 528 U.S. 152, 160-61 (2000) (explaining that the right to appellate counsel is based on the Fourteenth Amendment and that "the Sixth Amendment does not apply to appellate proceedings."); *Evitts v. Lucey,* 469 U.S. 387, 392 (1985) (citing *Douglas v. California*, 372 U.S. 353 (1963) (grounding right to appellate counsel in Fourteenth Amendment); *Tamalini v. Stewart,* 249 F.3d 895, 900-01 (9th Cir. 2001) (discussing *[Martinez]* and *Evitts*). [T]he exception set forth in [*Lackawanna*] is based on the unique nature of the Sixth Amendment right recognized in *Gideon*. Because a denial of appellate counsel does not implicate this unique Sixth Amendment right, the alleged lack of appellate counsel on [a] petitioner's prior conviction does not provide a basis for attacking his current sentence which was enhanced by that conviction. *See Jackson v. Secretary for the Dep't of [Corrs.]*, 206 [F. App'x] 934, 937 (11th Cir. 2006); . . . *Walker v. Palmer*, No. 06-13050, 2008 WL 360824, at *6 (E.D. Mich. Feb. 7, 2008) (Cohn, J., adopting report of Komives, M.J.); *see also, Simmons v. Kapture*, 474 F.3d 869, 886-88 (6th Cir. 2007) (Reeves, J., dissenting) (distinguishing fundamental nature of *Gideon* right to counsel at felony trial from right to counsel on appeal for purposes of retroactivity analysis), *adopted by en banc court*, 516 F.3d 450, 451 (6th Cir. 2008) (en banc).

---

[2] The Court notes that Petitioner's MDOC Presentence Investigation New Conviction Update Report dated November 30, 2004 lists Petitioner as having waived his attorney at his hearings for his 1983 convictions and for his 1984 convictions. (*See* Ex. B to Pet., docket #1-1, Page ID##64, 65.) In his petition, however, Petitioner argues that he did not waive his attorney at those hearings. (*See* Pet., Page ID#24.) For purposes of this opinion, the Court will assume that Petitioner did not waive his attorney at the 1983 and 1984 hearings.

*Garrison v. Sampson*, No. 2:08-cv-10722, 2010 WL 2507783, at *4 n.3 (E.D. Mich. May 14, 2010) (finding the court in *Ward*, 323 F. Supp. 2d at 828, incorrectly held that the absence of counsel on appeal is sufficient to invoke *Gideon* to collaterally attack an expired conviction). Therefore, the only offenses that could fall under the *Lackawanna* exception are the November 15, 1983, October 11, 1984, May 6, 1985 and January 28, 1988 juvenile convictions.

In *Lackawanna*, the Supreme Court noted that "to be eligible for review, the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition." 532 U.S. at 406. In that case, however, the Supreme Court held that a petitioner did not qualify for relief because the challenged prior convictions were "such a minor component" of his "extensive and violent criminal record as a whole," that the sentencing court would have imposed the same sentence even without the challenged convictions in the record. *Id.* at 407 (citations and internal quotation marks omitted). Similarly, in Petitioner's case, there is no evidence that his November 15, 1983, October 11, 1984, May 6, 1985 and January 28, 1988 juvenile convictions adversely affected a decision by the Parole Board. There are many other factors considered by the Parole Board. The MDOC Notice of Intent to Conduct A Parole Board Review For Prisoners Serving a Life Sentence (Notice) states that the Parole Board will consider the following factors during the review process:

> The crime(s) for which you are now serving
> Prior crimes (adult and/or juvenile) including behavior during prior probation, delayed sentence, parole, or community based programs.
> Your institutional conduct (as reflected by misconduct, administrative segregation, security reclassification, statistical risk factors, etc.)
> Your physical health, mental health or psychiatric history.
> Your readiness to accept responsibility for your own acts - your maturity.
> Your institutional program performance (academics, vocation, therapy, counseling, substance abuse treatment, etc.)
> Other factors that may affect your risk to the public.

(Ex. C to Pet., docket #1-1, Page ID#73.) Petitioner is serving sentences for second-degree murder, felony-firearm, attempt to distribute controlled substances and contraband in the prison. (*See* Ex. C to Pet., docket #1, Page ID#74.) Moreover, the MDOC Parole Eligibility/Lifer Review Report dated December 2, 2013, provides that Petitioner has been convicted of eight major misconduct convictions during his active sentences. (*See* Ex. C to Pet., docket #1, Page ID#74.) Petitioner's Assessment Narrative dated December 3, 2013, further states that Petitioner has a high risk of violence and medium risk of recidivism. Under his "Highly Probable" Reentry Social Environment Score, it states that he is "likely to return to an environment characterized by high rates of crime, drugs and gangs." (Ex. D to Pet., Page ID#80.) Considering Petitioner's extensive and violent criminal record, it is exceedingly unlikely that four juvenile convictions for which he received probation or was placed in foster care had any meaningful impact on the Parole Board's decision. Therefore, the Court concludes that the *Lackawanna* exception is not available to Petitioner, and as such, the petition must be dismissed for lack of jurisdiction.

## Motions

On August 8, 2014, and August 21, 2014, Petitioner filed a "Motion for Expedited Consideration and Motion for Summary Judgment" (docket ##6, 8). Since the Court is dismissing Petitioner's action, his motions will be denied as moot.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of jurisdiction. The Court will also dismiss Petitioner's motions to expedite and for summary judgment (docket ##6, 8).

## Certificate of Appealability

Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C.

§ 2253(c)(1).  Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability.  FED. R. APP. P. 22(b).  *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).  According to 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).

This Court summarily dismissed Petitioner's action under Rule 4 of the Rules Governing § 2254 cases for lack of jurisdiction.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Both showings must be made to warrant the grant of a certificate.  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  The Court finds that reasonable jurists could debate whether this Court correctly dismissed Petitioner's claims for lack of jurisdiction.  Therefore, the Court grants Petitioner a certificate of appealability as to whether Petitioner's claims satisfy the *Lackawanna*, 532 U.S. at 404, exception in the parole denial context.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  March 31, 2015                                    /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE